William Morse, Jr., and Josephine S. Morse v. Commissioner.
Morse v. Commissioner
Docket No. 2162-67,
United States Tax Court
T.C. Memo 1968-222; 1968 Tax Ct. Memo LEXIS 77; 27 T.C.M. (CCH) 1093; T.C.M. (RIA) 68222; September 30, 1968. Filed *77 William Morse, Jr., pro se, 3011 Dennis Ave., Kensington, Md. William Morris, for the respondent. KERN Memorandum Opinion KERN, Judge: Respondent determined a deficiency in the Federal income tax liability of petitioners for the year 1965 in the sum of $762.86. This deficiency results from respondent's disallowance of a deduction in the amount of $3,600 on account of an item described by petitioners in their return as "child support settlement." All of the facts have been stipulated by the parties. We find them to be as stipulated and incorporate herein by this reference the stipulation and the exhibits attached thereto. The stipulation (except for the references to the attached exhibits) reads as follows: 1. The petitioners are individuals, husband and wife, who presently reside at, and who at the time of the filing of the petition in this case resided at, 3011 Dennis Avenue, Kensington, Maryland 20795. Petitioners filed their joint Federal income tax return for the year 1965 with the District Director of Internal Revenue, Baltimore, Maryland. 2. Petitioner William Morse, Jr. was married to Muriel Morse Pino on 1094 January 6, 1946. During his marriage *78 to Muriel Morse Pino, one daughter, Christine Morse, was born in 1948. On April 1, 1951, petitioner William Morse, Jr. and Muriel Morse Pino were divorced pursuant to a decree of the Probate Court, Suffolk County, Masschusetts. Under the terms of this decree petitioner William Morse, Jr. was ordered to pay $75.00 per month for the maintenance of his minor daughter. 3. From 1956 to 1964, petitioner William Morse, Jr. did not make any of the monthly payments of $75.00 for the maintenance of his minor daughter, Christine. 4. Petitioner William Morse, Jr. ceased making child support payments as a result of a proposed adoption of his minor daughter, Christine, by his former wife's new husband, Anthony Pino. However, the adoption was never formalized and petitioner William Morse, Jr. continued to remain obligated under Court Order to make monthly payments of $75.00 for the maintenance of his daughter. Petitioner William Morse, Jr. first became aware of this obligation in July of 1964 when he was advised of the situation by letter from his former wife, Muriel Morse Pino. 5. In 1964, Muriel Morse Pino instituted legal action to recover such arrearges and in fact did secure a Court Order *79 for the issuance of an execution in the amount of $7,350.00 against William Morse, Jr. 6. After the issuance of the execution by the Suffolk, Massachusetts Probate Court the parties were able to compromise the amount in issue, with petitioner William Morse, Jr. agreeing to pay $3,600.00 to satisfy in full the outstanding execution and Muriel Morse Pino agreeing to waive all rights to payment of additional past, present or future suppopt for Christine Morse, her minor daughter. Petitioner William Morse, Jr., in his opening statement at the trial herein, appeared to argue that although "the Internal Revenue Code does not address itself to a matter of this sort," the payment of $3,600 which he was obliged to make in the taxable year should be considered "a casualty loss which comes to a person in a rather unpronounced way" since it was "* * * visited upon [him] without any knowledge on [his] part that this money was due." It is fundamental that the allowance of a deduction to a taxpayer is a matter of legislative grace and that payments on account of child support are personal expenses not allowable as deductions. The fact that the obligation to make these payments is unexpected *80 is immaterial. Decision will be entered for the respondent.